1 | ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
2 | MICHELLE LO (NYRN 4325163)
Chief, Civil Division
3 | BENJAMIN J. WOLINSKY (CABN 305410)
Assistant United States Attorney
4
|       450 Golden Gate Avenue, Box 36055
5 |       San Francisco, California 94102-3495
|       Telephone: (415) 436-6996
6 |       Facsimile: (415) 436-6748
|       Email:  benjamin.wolinsky@usdoj.gov
7
| Attorneys for the United States of America
8
|                    UNITED STATES DISTRICT COURT
9
|                    NORTHERN DISTRICT OF CALIFORNIA
10
|                         SAN JOSE DIVISION
11
| IN THE MATTER OF THE REQUEST FOR   )   Case No.
12 | JUDICIAL ASSISTANCE FROM THE       )
|  SEOUL CENTRAL DISTRICT COURT NO.  )
13 | 157  IN THE REPUBLIC OF KOREA IN THE )
| MATTER OF JONGMIN BAEK V.           )
14 | UNKNOWN DEFENDANTS.                )
|                                    )
15
16 |    **GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION**
|        **FOR ORDER PURSUANT TO 28 U.S.C. § 1782**
17
18 |       The United States of America submits this memorandum of law in support of its application for

19 | an order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a letter of request from judicial authorities in the

20 | Republic of Korea ("Korea") for international judicial assistance to obtain written statements from

21 | Meta Platforms, Inc. ("Meta").

22

23

24 |       [1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex
parte. The witnesses can and have raised objections and exercised their due process rights by motions to
25 | quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th
Cir. 1976). *See also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022)
26 | (commenting that "it is not unusual for § 1782(a) applications to be made on an *ex parte* basis to the
district court" and holding that the *ex parte* process should not restrict a respondent's legal rights).
27 | Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal.
*See, e.g.*, Order denying Motion to Seal U.S.'s Application for Ex Parte Order Appointing
28 | Commissioner Pursuant to 28 U.S.C. § 1782, In re Mutual Assistance of Local Court of Wetzlar,
Germany, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

MEM. OF LAW ISO APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

**INTRODUCTION**

The request for international judicial assistance comes from the National Court Administration of the Republic of Korea on behalf of the Seoul Central District Court No. 157 ("Korean Court"). Specifically, the Korean Court has issued a letter of request seeking judicial assistance to obtain written statements for use in the case captioned *Jongmin Baek v. Unknown Defendant. See* Declaration of Assistant United States Attorney Benjamin J. Wolinsky, Ex. A (hereinafter "Wolinsky Decl.").

The facts of this case, as stated in the letter of request, indicate that this is a civil proceeding in which the Korean Court is adjudicating emotional distress claims between Jongmin Baek and yet-unknown defendants.  The Court has requested the following:

1. Names, dates of birth, e-mail addresses, cell phone numbers, and the last three months' IP addresses about those subscribers whose Instagram accounts are "dr.jaylee_ju_mull," "_the_battle_against_insta.gram," "ssam.ja.333," "o_mark_n_rona_o," and "lavita_miruku.hime".

2. Whether there are other accounts created by the subscribers whose accounts are "dr.jaylee_ju_mull," "_the_battle_against_insta.gram," "ssam.ja.333," "o_mark_n_rona_o," and "lavita_miruku.hime". If there [are] any, the name of the accounts and all [of] the information of the account(s).

The Korean Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 (hereinafter "HCCH 1970 Evidence Convention").

The request was then transmitted to the U.S. Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c).  In order to execute these requests for international judicial assistance, authority must be obtained from this Court.  28 U.S.C. § 1782.

**ARGUMENT**

**I.      THE HCCH 1970 EVIDENCE CONVENTION**

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose."  HCCH 1970 Evidence Convention pmbl.  The

1    HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one

2    contracting state may request evidence located in another contracting state." *Société Nationale*

3    *Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987).  The

4    HCCH 1970 Evidence Convention is in force in both the United States and Korea.  Hague Conference

5    on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of*

6    *Evidence Abroad in Civil or Commercial Matters*, available at

7    https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited September 18, 2023)

8    (The HCCH 1970 Evidence Convention entered into force in Korea on February 12, 2010).

9          When executing a letter of request, the HCCH 1970 Evidence Convention requires a requested

10   authority to "apply the appropriate measures of compulsion in the instances and to the same extent as are

11   provided by its internal law for the execution of orders issued by the authorities of its own country or of

12   requests made by parties in internal proceedings."  HCCH 1970 Evidence Convention, art. 10.

13   Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the

14   judicial authority which executes a Letter of Request shall apply its own law as to the methods and

15   procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'"  *Id*. at art. 9.

16         Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence

17   Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the

18   courts.  *Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the

19   same footing, and made of like obligation, with an act of legislation.").  *See also Reid v. Covert*,

20   354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also repeatedly taken the position

21   that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty").

22   **II.     STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE
             UNITED STATES' APPLICATION**

23

24         The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28

25   U.S.C. § 1782.  Section 1782 authorizes a district court to order the testimony or statement or the

26   production of a document or thing from a person who "resides or is found" in that district "for use in a

27   proceeding in a foreign or international tribunal." *Id.* § 1782(a).  Such orders include those requested by

28   a foreign or international tribunal and may direct that the testimony, statement, document, or thing "be

MEM. OF LAW ISO APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

1  produced before a person appointed by the court." *Id.*  Following a § 1782 appointment, "the person

2  appointed has power to administer any necessary oath and take the testimony or statement." *Id.*  In

3  addition, a § 1782 order "may prescribe the practice and procedure" for producing the document,

4  including the practice and procedure of the requesting tribunal.  *Id.*  "To the extent that the order does

5  not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing

6  produced, in accordance with the Federal Rules of Civil Procedure." *Id.*

7          Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to

8  provide federal-court assistance in gathering evidence for use in foreign tribunals."  *Intel Corp. v.*

9  *Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  By this law, Congress intended that the

10  United States set an example to other nations by making judicial assistance generously available.  *See,*

11  *e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151,

12  1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened §

13  1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on*

14  *other grounds by Intel Corp.*, 542 U.S. 241.  District courts have repeatedly appointed Department of

15  Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial

16  assistance to foreign courts in response to a request for assistance.  *See, e.g., In re Clerici,* 481 F.3d

17  1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States

18  Attorney to obtain sworn answers to questions posed in letters rogatory).  *See also In re Request for*

19  *Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*,

20  No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of

21  Justice Attorney commissioner to obtain evidence from Merrill Lynch).

22          This Court is authorized to assist the Korean Court if the three requirements set forth in § 1782

23  are met.  Those requirements are: (1) the person or document for which discovery is sought resides or is

24  found in the district; (2) the discovery is for use in a proceeding before a foreign or international

25  tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested

26  person." 28 U.S.C. § 1782(a).  *Accord In re Application Pursuant to 28 U.S.C. § 1782 for an Order*

27  *Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein*

28

1  *Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d

2  873 (2d Cir. 1996)).

3        Here, each of these threshold statutory requirements is easily met.  First, Meta "resides or is

4  found in" the Northern District of California because its headquarters are in Menlo Park, California.  *See*

5  Wolinsky Decl., Ex. A.  Second, the Letter of Request explains that the documents are "for use in a

6  proceeding before a foreign tribunal" as such documents are needed to adjudicate emotional distress

7  claims between Jongmin Baek and yet-unknown defendants.  *Id*.  Third, the Letter of Request is made

8  by the Korean Court, *id.*, which is a "foreign or international tribunal," 28 U.S.C. § 1782(a).

9  **III.      DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING**
10  **THE UNITED STATES' APPLICATION**

11        Although "a district court is not required to grant a § 1782(a) discovery application simply

12  because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide

13  discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery

14  to avoid attendant problems," *Esses*, 101 F.3d at 876.

15        The Supreme Court has identified four factors that a court may consider in exercising its wide

16  discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a

17  participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings,

18  and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals and

19  attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States;

20  and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

21        The statute's "twin aims of providing efficient means of assistance to participants in international

22  litigation in our federal courts and encouraging foreign countries by example to provide similar means

23  of assistance to our courts" should guide the Court's analysis.  *In re Malev Hungarian Airlines*, 964 F.2d

24  97, 100 (2d Cir. 1992).  *See also United States v. Morris (In re Letter of Request from Amtsgericht*

25  *Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s]

26  considerable cooperation with foreign courts' requests for assistance and a general practice of

27  reciprocity.").  Here again, each of these discretionary factors weigh in favor of assisting the Korean

28  Court.

MEM. OF LAW ISO APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

1    With respect to the first factor, "although…originally expressed as a 'participant' versus

2  'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the

3  requested discovery is available to the foreign tribunal without the assistance of this Court." *In re*

4  *Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D.

5  Va. 2010) (hereinafter *In re Svitavy*).  *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign

6  proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in

7  the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415

8  F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the

9  § 1782 application because the requesting German court was unable to compel the production of

10  documents and testimony from a party residing or located outside Germany without U.S. court

11  assistance).  Meta is not a party to the proceedings and is not subject to the Korean Court's jurisdiction

12  because it is located in Menlo Park, California; thus, the first factor weighs in favor of granting the

13  motion.

14    Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant

15  the Application based on the nature of the Korean Court or the character of the proceedings.

16  Additionally, this request was initiated by the Korean Court and not by an independent party; therefore,

17  the Korean Court is clearly receptive to the assistance of this Court and the second factor weighs in

18  favor of granting the motion.  *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist.*

19  *Court, Sweden,* 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015 (holding that because the Swedish court

20  sought judicial assistance from the United States, the second *Intel* factor weighed in favor of

21  disclosure.).

22    With respect to the third factor, because the requester is the Korean Court, there is sufficient

23  assurance that the request for judicial assistance is not an attempt to circumvent Korean discovery rules

24  or to thwart policies of either the United States or Korean.  *See In re Svitavy*, 748 F. Supp. 2d at 529

25  ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant,

26  provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or

27  Czech policy.").  Thus, the third *Intel* factor weighs in favor of granting the Korean Court's request for

28  judicial assistance.

MEM. OF LAW ISO APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

1    And with respect to the fourth factor, the requests seeks specific information about five accounts

2 and, therefore, would not be unduly intrusive or burdensome.  *See, e.g., In re Application of Mesa Power*

3 *Grp., LLC,* 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (holding that "no undue burden exists because

4 the discovery requests being compelled through this Order are sufficiently tailored."); *In re Application*

5 *of MTS Bank,* No. 17-21545-MC, 2017 WL 3276879, at *13 (S.D. Fla. Aug. 1, 2017) (holding "An

6 objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive,

7 by submitting evidence or offering evidence which reveals the nature of the burden.") (internal

8 quotations removed).  *See also Mees v. Buiter, 793* F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is

9 intrusive or burdensome should not be assessed based on the 'discovery scope' available in a foreign

10 proceeding.  Few if any foreign jurisdictions permit the scope of discovery available in our courts.").

11 Thus, the fourth factor also weighs in favor of granting the request.

12    In summary, consideration of the four discretionary factors set forth by the Supreme Court in

13 *Intel* favors authorizing judicial assistance to the Korean Court.

14                                   **CONCLUSION**

15    Attached to the Declaration of Assistant United States Attorney Benjamin J. Wolinsky is the

16 proposed subpoena that this office intends to serve (in substantially similar format) on Meta should the

17 Court grant the Application pursuant to 28 U.S.C. § 1782.  Upon receipt, the documents will be sent to

18 the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to

19 the Seol Central District Court No. 157 in Korea.

20    WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form

21 attached to the Application, appointing Assistant United States Attorney Benjamin J. Wolinsky

22 Commissioner for the purpose of issuing a subpoena to execute the request for international judicial

23 assistance.

24                                   Respectfully submitted,

25 DATED: September 28, 2023          ISMAIL J. RAMSEY
                                     United States Attorney
26
                                     */s/ Benjamin J. Wolinsky*
27                                   BENJAMIN J. WOLINSKY
                                     Assistant U.S. Attorney
28

MEM. OF LAW ISO APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782