1  Julie E. Schwartz, Bar No. 260624
   JSchwartz@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, Washington 98101-3099
   Telephone: +1.206.359.8000
4  Facsimile:  +1.206.359.9000

5  Attorney for Non-Party META PLATFORMS, INC.

6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  IN THE MATTER OF THE REQUEST FOR      Case No. 3:23-mc-80249-PHK
    JUDICIAL ASSISTANCE FROM THE
13  SEOUL CENTRAL DISTRICT COURT NO.      **META PLATFORMS, INC.'S RESPONSE
    157 IN THE REPUBLIC OF KOREA IN THE   TO SECTION 1782 APPLICATION**
14  MATTER OF JONGMIN BAEK V.
    UNKNOWN DEFENDANTS.                   Judge:   Magistrate Judge Peter H. Kang
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Non-Party Meta Platforms, Inc. ("Meta") files this response to Applicant United States'

2  ("Applicant") Application Pursuant to 28 U.S.C. § 1782 for the Taking of Discovery for Use in a

3  Foreign Proceeding ("Application"). Meta understands that Applicant is seeking authorization to

4  serve a subpoena on Meta in connection with litigation in South Korea. Meta takes no position on

5  the issuance of the subpoena, but it reserves all rights and objections with respect to the subpoena

6  if it does issue. *See, e.g., CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir.

7  2022) ("*CPC*") (recognizing that there may be subsequent motion to quash proceedings following

8  the grant of a Section 1782 application).[1]

9    Indeed, even where non-parties have been served with Section 1782 applications, courts

10  routinely recognize that non-parties may raise challenges to subpoenas *after* their issuance. *See,*

11  *e.g., In re Ex Parte Application of Kakedzuka Mfg. Co., Ltd.*, Case No, 22-mc-80133-NC, Dkt. 11

12  (N.D. Cal. July 29, 2022) (granting Section 1782 application with consent of the parties but

13  allowing provider and account holder a period of time to move to quash the subpoena following

14  service).

15    In particular, Meta intends to object to the subpoena, including but not limited to the

16  following grounds:

17    • Section 1782 is subject to the "good cause" standard for discovery. *See* Fed. R. Civ. Proc.
18      26(d); *In re Hoteles City Express*, No. 18-MC-80112, 2018 WL 3417551, at *3. The
        Applicant has failed to address the *Jommi* requirements, which are considered under the
19      fourth *Intel* factor and include whether the Applicant: (1) identifies the party with sufficient
        specificity that the court can determine that the party is a real person subject to suit; (2)
20      identifies all previous steps taken to locate and identify the party; (3) demonstrates that the
        action can withstand a motion to dismiss; and (4) proves that the discovery is likely to lead
21      to identifying information. *In re Ex Parte Application of Jommi*, No. C 13-80212 CRB
        (EDL), 2013 WL 6058201 (N.D. Cal. Nov. 15, 2013).

22    In light of these concerns, if the Court decides to grant the Application and allows the

23  subpoena to issue, Meta respectfully requests that the Court also order the following:

24    1.    Within 10 calendar days of service of the subpoena and the order, Meta may notify

25      the account holders of the subpoena and order; and

26

---

27  [1] The Ninth Circuit has ruled that a magistrate judge must have the consent of all parties to rule
    on a Section 1782 application. *CPC*, 34 F.4th at 810. At the same time as this filing, Meta has
28  filed a form consenting to proceed before a magistrate judge.

1    2.    Meta and/or the account holder(s) shall have 21 days from the date of the notice to

2    file a motion contesting the subpoena.[2]

3    Should the subpoena issue, Meta intends to meet and confer regarding the requests and, if

4    necessary, seek intervention from the Court.

5

6    Dated:  October 30, 2023                              **PERKINS COIE LLP**

7

8                                                           By: */s/ Julie E. Schwartz*
                                                               Julie E. Schwartz, Bar No. 260624

9

10                                                          Attorney for Non-Party
                                                            META PLATFORMS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [2] Meta's standard policy is to provide the user with 21 days of notice.

-2-